COMMONWEALTH *vs.* VINCENT F. CIANCIARUSO. April 4, 1973. On these appeals, under G. L. c. 278, §§ 33A-33G, from convictions for unlawful possession and unlawful sale of heroin the defendant assigns as error the denial of his motions to dismiss which allege prejudice resulting from a six-month delay between the date of the offences charged and the defendant's arrest. As the trial court pointed out in denying the motions, the defendant did not present any evidence at the pre-trial hearing or submit a supporting affidavit. G. L. c. 277, § 47A ("Any facts relied upon . . . shall be stated in an affidavit attached to said motion.") See Rule 46 of the Superior Court (1954). Nor did the defendant raise the point again at any time during the trial, at which the witnesses were the defendant and an undercover agent who testified that he had bought the heroin from the defendant in the course of a drug investigation then in progress (the apparent reason for the delay in making the arrest). In any event, the transcript indicates neither such actual prejudice as would constitutionally taint the trial nor that the prosecution "intentionally delayed to gain some tactical advantage over . . . [the defendant] or to harass . . . [him]." *United States* v. *Marion,* 404 U. S. 307, 325. *Commonwealth* v. *Horan,* 360 Mass. 739. See *Commonwealth* v. *Jones,* 360 Mass. 498.

> *Judgments affirmed.*

*Thomas J. Kelly* for the defendant.
*Richard E. Rafferty,* Assistant District Attorney, for the Commonwealth.